# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESROM MADRID, | ) CASE NO. 1:10-cv-02136 AWI GSA PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | ) |
| R. LOPEZ, et al., | ) (ECF No. 1) |
| Defendants. | ) AMENDED COMPLAINT DUE IN THIRTY DAYS |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Corcoran State Prison, names the following individual defendants employed by the CDCR at CSP Corcoran: Warden R. Lopez; Chief Medical Officer E. Clark; L. Karan, M.D.; Family Nurse Practitioner (FNP) Dhah; Dr. Neubarth, M.D.; FNP Bondoc; Dr. Brar, M.D.; Dr. Kim, M.D. Plaintiff also names Secretary of Corrections Cate and Clark Kelso, the former Receiver for the CDCR Prison Health System.

Plaintiff suffered a gunshot wound to the upper chest in 2007. Plaintiff suffers from chronic nerve damage, severe back pain and muscle spasms. Plaintiff is currently mobility impaired "due to the inability of complete right leg function." Plaintiff alleges that on August 19, 2009, and September 9, 2009, he was seen by Dr. Kim "regarding severe pain and excruciating burning all through my back and leg, no treatment was provided."

On December 23, 2009 and January 26, 2010, Plaintiff was seen by Dr. Brar "with regard to my nerve damage and severe back pain." Plaintiff alleges that no treatment was provided and no relief granted.

On April 5, May 4, and May 25, 2010, Plaintiff was seen by Dr. Karan, "where various issues were raised, no treatment was provided."

On May 12, 2010, Dr. Neubarth received an inmate appeal from Plaintiff. Plaintiff alleges that Dr. Neubarth "concurred with the response of Dr. L. Karan and final decision. No relief was granted."

On October 1, 2010, Plaintiff was seen by FNP Bondoc "regarding intense pain in my back and legs. No treatment was provided."

Plaintiff alleges that "on various dates." Dr. Clark, the Chief Medical Officer, "signed in accordance with the denial of treatment." Plaintiff contends that because Dr. Clark agreed with the decisions of other physicians to deny Plaintiff treatment, he "has denied me with deliberate indifference to the many pleas of adequate medical care." Plaintiff alleges that on the form denying Plaintiff's appeal, Dr. Neubarth indicated that "whatever changes done, whatever denial of care, it has been due to new policy."

### B. Eighth Amendment Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In order to hold defendants liable, Plaintiff must allege some facts indicating that each of the individual defendants knew of a serious risk to Plaintiff's health, and acted with disregard to that

1  risk. Plaintiff's claim is that his requests for treatment have been denied. However, the Court finds
2  Plaintiff's allegations to be vague. Although Plaintiff alleges that he did not receive treatment, he
3  does allege that he was seen on several occasions. Further, Plaintiff's exhibit A to his complaint is
4  a copy of an inmate grievance filed by Plaintiff regarding treatment for pre-existing nerve damage
5  as a result of the gun shot wound.[1] The response to Plaintiff's grievance indicates that Plaintiff has
6  "neuropathic pain syndrome secondary to your old gunshot would to spine and appropriate treatment
7  regime started. Your condition is not curable and the aim of treatment is to control symptoms to
8  minimize pain and discomfort. No neurology referral indicated at this pont in time."

9  Although Plaintiff clearly alleges that he was refused the treatment that he sought, he has not
10 alleged any facts indicating that a medically necessary treatment was available, and that Defendants
11 refused it to Plaintiff. That Plaintiff may believe he should be treated does not subject Defendants
12 to liability for refusing Plaintiff's request. Plaintiff must allege some facts indicating that defendants
13 refused to provide a medically necessary treatment.

14 Further, Plaintiff has named as Defendants Warden Lopez and Secretary Cate. Under section
15 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated
16 in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no
17 respondeat superior liability, and each defendant is only liable for his or her own misconduct.
18 Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the
19 constitutional violations of his or her subordinates only if he or she "participated in or directed the
20 violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d
21 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler
22 II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.
23 Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts indicating
24 personal participation by either of these defendants.

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

4

**III.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

5

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 10, 2012**                  **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE