UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESROM MADRID,<br><br>        Plaintiff,<br><br>   vs.<br><br>MATTHEW CATES, et al.,<br><br>        Defendants. | 1:10-cv-02136-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 23.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.    BACKGROUND**

      Esrom Madrid ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 16, 2010.  (Doc. 1.)  On February 10, 2012, the Court dismissed the Complaint for failure to state a claim, with leave to amend.  (Doc. 13.)  On May 18, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 18.)  On March 25, 2013, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 20.)  On June 5, 2013, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening.  (Doc. 23.)

**II.    SCREENING REQUIREMENT**

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the Second Amended Complaint allegedly occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Matthew Cates (CDCR Director), Raul Lopez (Warden), Dr. L. Karan, Dr. J. Newbarth, N. Bondoc (Nurse), Edgar M. Clark, (Chief Medical Officer), Clark Kelso (Federal Receiver), Dr. Kim, Nurse Dhah, Dr. Brar, Doe 1 (General Practitioner),

///

Doe 2 (Nurse), and Doe 3 (General Practitioner) (collectively "Defendants"). Plaintiff's factual allegations follow.

On March 17, 2007, Plaintiff suffered a gunshot wound to the upper chest and the bullet lodged in his spine. As a result of the shooting Plaintiff is mobility impaired and suffers chronic nerve damage, pain, muscle spasms, and temporary paralysis. Plaintiff has struggled to recover physically and it has been difficult for him to obtain adequate medical care, and he has suffered unnecessary pain due to the deliberate indifference of the Defendants. Plaintiff has experienced long delays in seeing facility yard doctors and certain specialists, denial of treatment, delays in refilling prescribed medications, and failure by yard doctors to follow recommendations by specialists.

On or about September 9, 2007 and August 19, 2009, Plaintiff was seen by Dr. Kim. Plaintiff addressed the severe pain he was suffering and stated that his medications were not effective enough. Plaintiff explained that he was unable to function properly or perform normal daily activities because of the pain. Plaintiff requested to be sent to a specialist, but Dr. Kim denied his request. Plaintiff pleaded for treatment for his pain, but Dr. Kim refused to provide any treatment. Plaintiff suffered mental and emotional stress. There were incidents when Plaintiff was being examined by Dr. Kim, and Dr. Kim would promptly terminate the appointment without allowing Plaintiff to state his health concerns. Plaintiff filed a grievance against Dr. Kim, but no relief was granted.

On October 8, 2009 and April 12, 2010, Plaintiff was seen by Family Nurse Practitioner (FNP) Dhah because of his chronic nerve damage and severe back pain. Plaintiff requested to be referred to a specialist, but FNP Dhah refused to refer Plaintiff. Plaintiff suggested raising the dosage of his current pain medications or changing medications, but FNP Dhah denied Plaintiff's requests and stated that, in his professional opinion, nothing more needed to be done.

On December 23, 2009 and January 26, 2010, Plaintiff was seen by Dr. Brar concerning Plaintiff's chronic nerve damage and severe back pain. Plaintiff told Dr. Brar that he was in severe pain which substantially limited his normal daily activities. Plaintiff requested to be referred to a neurologist or for pain management. Dr. Brar denied Plaintiff's request and

refused to provide him with treatment. On another occasion, Dr. Brar was appointed to respond to Plaintiff's ADA Special Accommodation form (CDCR 1824) requesting a cane. The walker Plaintiff was using was not allowing him enough independence, causing him shame and embarrassment. This was explained to Dr. Brar, and he still denied Plaintiff a cane.

On April 5, 2010, May 4, 2010, and May 25, 2010, Plaintiff was seen by Dr. L. Karan. Plaintiff pleaded with Dr. Karan to address his severe back and leg pain. Plaintiff requested to be referred to a neurologist and for pain management, but Dr. Karan denied Plaintiff any referral to a specialist. Plaintiff suggested that his medications be adjusted or changed to alleviate his severe pain, but Dr. Karan denied Plaintiff any changes to his medication. Plaintiff clearly stated that his pain was debilitating, but Dr. Karan made it clear that she would do nothing for Plaintiff, so he filed a grievance but no relief was granted.

On or about May 12, 2010, Dr. J. Newbarth received a grievance form (CDCR 602) that Plaintiff filed against Dr. Karan for deliberate indifference to Plaintiff's serious medical condition. Dr. Newbarth responded at the second level of review by supporting Dr. Karan who claimed that due to a new policy implemented by CDCR, no treatment would be possible. Thus, Dr. Newbarth also denied Plaintiff medical care.

On or about October 1, 2010, Plaintiff was seen by FNP Bondoc for his severe pain. FNP Bondoc stated that she would do nothing for Plaintiff. When Plaintiff asked to be referred to a specialist, FNP Bondoc denied the request. Plaintiff asked to have his medications adjusted to alleviate his pain, but FNP Bondoc denied the request and terminated the appointment.

On various occasions, Dr. Edgar M. Clark, Chief Medical Officer, had the authority to grant or deny medical care to patients. Dr. Clark responded to many of Plaintiff's inmate grievances, which makes him a direct participant in the denial of adequate medical care for Plaintiff.

Plaintiff requests declaratory and injunctive relief, monetary damages, and costs of suit.

///

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Supervisory Liability and Personal Participation – Defendants Cates, Lopez, and Doe Defendants

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

Plaintiff has named defendants, such as the CDCR Director, Warden, and Federal Receiver, who hold supervisory positions. Under section 1983, Plaintiff must demonstrate that

each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon defendants in their supervisory capacity, Plaintiff fails to state a claim.

In the Second Amended Complaint, Plaintiff does not link any affirmative act or omission to act by defendants Matthew Cates (CDCR Director), Raul Lopez (Warden), Clark Kelso (Federal Receiver), or the three Doe Defendants, to the deprivation he alleges to have suffered.

In short, Plaintiff has not alleged any facts giving rise to any cognizable claim for relief under section 1983 against defendants Matthew Cates (CDCR Director), Raul Lopez (Warden), Clark Kelso (Federal Receiver), or the three Doe Defendants. Therefore, these defendants should be dismissed from this action.

### B.   Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .
///

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has demonstrated that he had serious medical needs because of a medical condition that caused him severe pain. However, Plaintiff fails to allege facts showing that any of the defendants were deliberately indifferent to those needs. Plaintiff fails to show that any of the defendants acted or failed to act while deliberately disregarding a substantial risk of harm to Plaintiff. Plaintiff alleges, at most, a difference of opinion between Plaintiff and medical officials about his treatment, which does not state an Eighth Amendment medical claim. Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment, and this claim should be dismissed.

### C.  **Inmate Appeals Process**

Plaintiff alleges that some of the defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeals, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

///

## V.     CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983.  In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with ample guidance by the Court. Plaintiff has now filed three complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **February 12, 2014**             **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE