1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ESROM MADRID, | 1:10-cv-02136-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 24.) |
| vs. | |
| MATTHEW CATES, et al., | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| Defendants. | |
| | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| | ORDER FOR CLERK TO CLOSE CASE |

Esrom Madrid ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2014, findings and recommendations were entered, recommending that this action be dismissed based on plaintiff's failure to state a claim upon which relief may be granted under §1983.  (Doc. 24.)  On May 21, 2014, Plaintiff filed objections to the findings and recommendations.  (Doc. 27.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

1

including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.   The complaint alleges Defendants' failure to treat his medical condition. Plaintiff did receive treatment, but Plaintiff claims that it was inadequate to control his pain and symptoms.   As explained by the Magistrate Judge, the deliberate indifference doctrine required to state an Eighth Amendment claim is limited in scope. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."   Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977).   Further, a "difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."   Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by*, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122-23.   Thus, the Court finds Plaintiff has failed to state a claim for deliberate indifference to his medical needs.

Accordingly, THE COURT HEREBY ORDERS that:

1.      The Findings and Recommendations issued by the Magistrate Judge on February 12, 2014, are adopted in full;

2.      This action is dismissed, with prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983;

3.      This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

4.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 22, 2014        _____

SENIOR  DISTRICT  JUDGE